UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**COLUMBIA STATE BANK**, a Washington stock savings bank,

Plaintiff,

vs.

**DINDIA INVESTMENTS, LLC**, an Oregon limited liability company; **GERALD P. DINDIA, MARK G. DINDIA, PATRICIA L. DINDIA, DONALD DINDIA**, and **SPUR INVESTMENTS, LLC**, an Oregon limited liability company,

Defendants.

**Case No. CV 10-769-BR**

JUDGMENT

Based on the opinion and order granting plaintiff's motion for summary judgment entered on February 25, 2011, it is

ADJUDGED as follows:

1. Plaintiff's first claim for relief for judicial foreclosure against Dindia Investments, LLC ("Dindia Investments") was resolved by the entry of a stipulated judgment herein on February 15, 2011.

2. On plaintiff's second claim for relief for judicial foreclosure, plaintiff is awarded a judgment against defendants as follows:



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

A. A money award against defendant Mark G. Dindia for the principal indebtedness under a promissory note dated May 13, 2008 (the "New Mark Dindia Note") in the principal amount of $99,157.09, together with accrued interest as of January 4, 2011 in the amount of $6,011.40, plus other charges of $470.28 as of January 4, 2011, for a total of $105,638.77, with interest continuing to accrue on that total amount at the note rate of 9.75 percent per annum from January 5, 2011 until paid.

B. By virtue of a trust deed dated December 8, 2006, and recorded on December 14, 2006 in the records of the Clerk of Clackamas County, Oregon under Document Number 2006-114950 (the "Original Mark Dindia Trust Deed"), and a Modification Agreement-Deed of Trust dated May 13, 2008, and recorded on September 11, 2008 in the records of the Clerk of Clackamas County, Oregon under Document Number 2008-063669 (the "Modified Mark Dindia Trust Deed"), plaintiff has a valid and perfected lien against the real property described in the attached exhibit 1 (the "442nd Avenue Property"). and all rents and other income derived from the 442nd Avenue Property, for the total amount specified in paragraph 2A of this Judgment. Plaintiff is the owner and holder of the New Mark Dindia Note, the Original Mark Dindia Trust Deed, and the Modified Mark Dindia Trust Deed. Plaintiff's lien is superior to any claim, right, lien, title, or interest of all defendants.

C. The claims, rights, liens, titles, and interests of all defendants in the 442nd Avenue Property are foreclosed, and plaintiff may cause execution to issue for the sale of the 442nd Avenue Property in the manner prescribed by law.

D. Upon the foreclosure sale of the 442nd Avenue Property, any remaining liens, claims, rights, titles, or other interests of the defendants, and all persons claiming under them as purchasers, encumbrancers or otherwise, shall be void and foreclosed, except for any statutory right of redemption not exceeding 180 days. Any party to this action may bid and become a purchaser at the foreclosure sale of the 442nd



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Avenue Property, and the purchaser shall be entitled to exclusive possession of the 442nd Avenue Property from the date of the foreclosure sale, and shall be entitled to such remedies as are available to secure such possession, including a writ of assistance.

E. The proceeds of the foreclosure sale shall be first applied toward the cost of sale, then toward satisfaction of the indebtedness described in paragraph 2A above, with any remainder paid into court pending further order.

F. Following the foreclosure sale of the 442nd Avenue Property, if the foreclosure sale proceeds are insufficient to satisfy the indebtedness described in paragraph 2A above, execution may issue to enforce any remaining deficiency against defendant Mark G. Dindia.

3. On plaintiff's third claim for relief for judicial foreclosure, plaintiff is awarded a judgment against defendants as follows:

A. A money award against defendant Matthew Dindia under a promissory note dated July 26, 2005 (the "Matthew Dindia Note") in the principal amount of $29,289.31, together with accrued interest as of January 4, 2011 in the amount of $3,406.22, plus other charges of $494.53 as of January 4, 2011, for a total of $33,190.06, with interest continuing to accrue on that total amount at the note rate of 18 percent per annum from January 5, 2011 until paid.

B. By virtue of a trust deed dated July 26, 2005, and recorded on August 5, 2005 in the records of the Clerk of Clackamas County, Oregon under Document Number 2005-074326 (the "Matthew Dindia Trust Deed") plaintiff has a valid and perfected lien against the real property described in the attached exhibit 2 (the "Highway 212 Property"), and all rents and other income derived from the Highway 212 Property, for the total amount specified in paragraph 3A of this Judgment. Plaintiff is the owner and holder of the Matthew Dindia Note and the Matthew Dindia Trust Deed. Plaintiff's lien is superior to any claim, right, lien, title, or interest of all defendants.



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

C. The claims, rights, liens, titles, and interests of all defendants in the Highway 212 Property are foreclosed, and plaintiff may cause execution to issue for the sale of the Highway 212 Property in the manner prescribed by law.

D. Upon the foreclosure sale of the Highway 212 Property, any remaining liens, claims, rights, titles, or other interests of the defendants, and all persons claiming under them as purchasers, encumbrancers or otherwise, shall be void and foreclosed, except for any statutory right of redemption not exceeding 180 days. Any party to this action may bid and become a purchaser at the foreclosure sale of the Highway 212 Property, and the purchaser shall be entitled to exclusive possession of the Highway 212 Property from the date of the foreclosure sale, and shall be entitled to such remedies as are available to secure such possession, including a writ of assistance.

E. The proceeds of the foreclosure sale shall be first applied toward the cost of sale, then toward satisfaction of the indebtedness described in paragraph 3A above, with any remainder paid into court pending further order.

F. Following the foreclosure sale of the Highway 212 Property, if the foreclosure sale proceeds are insufficient to satisfy the indebtedness described in paragraph 3A above, execution may issue to enforce any remaining deficiency against defendant Matthew Dindia.

4. On plaintiff's fourth claim for relief for judicial foreclosure, plaintiff is awarded a judgment against defendants as follows:

A. A money award against defendant Spur Investments, LLC ("Spur Investments") for the principal indebtedness under a promissory note dated April 14, 2008 (the "First Spur Investments Note") in the principal amount of $73,082.72, together with accrued interest as of January 4, 2011 in the amount of $4,827.06, for a total of $77,909.78, with interest continuing to accrue on that total amount at the note rate of 10.25 percent per annum from January 5, 2011 until paid.



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

B. A money award against defendant Spur Investments for the principal indebtedness under another promissory note also dated April 14, 2008 (the "Second Spur Investments Note") in the principal amount of $584,138.13, together with accrued interest as of January 4, 2011 in the amount of $22,367.77, plus other charges of $22,453.20 as of January 4, 2011, for a total of $628,959.10, with interest continuing to accrue on that total amount at the note rate of 11.76 percent per annum from January 5, 2011 until paid.

C. By virtue of trust deeds dated April 14, 2008 and recorded on April 24, 2008 in the records of the Clerk of Multnomah County, Oregon under Document Number 2008-062588 (the "First Spur Investments Trust Deed") and 2008-062587 (the "Second Spur Investments Trust Deed"), plaintiff has a valid and perfected lien against the real property described in the attached exhibit 3 (the "Stark Street Property"), and all rents and other income derived from the Stark Street Property, for the total amounts specified in paragraphs 4A and 4B of this Judgment. Plaintiff is the owner and holder of the First Spur Investments Note, the Second Spur Investments Note, the First Spur Investments Trust Deed, and the Second Spur Investments Trust Deed. Plaintiff's lien is superior to any claim, right, lien, title, or interest of all defendants.

D. The claims, rights, liens, titles and interests of all defendants in the Stark Street Property are foreclosed, and plaintiff may cause execution to issue for the sale of the Stark Street Property in the manner prescribed by law.

E. Upon the foreclosure sale of the Stark Street Property, any remaining liens, claims, rights, titles, or other interests of the defendants, and all persons claiming under them as purchasers, encumbrancers or otherwise, shall be void and foreclosed, except for any statutory right of redemption not exceeding 180 days. Any party to this action may bid and become a purchaser at the foreclosure sale of the Stark Street Property, and the purchaser shall be entitled to exclusive possession of the Stark Street Property from the date of the foreclosure sale, and shall be entitled to such remedies as



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

are available to secure such possession, including a writ of assistance.

F. The proceeds of the foreclosure sale shall be first applied toward the cost of sale, then toward satisfaction of the indebtedness described in paragraphs 4A and 4B above, with any remainder paid into court pending further order.

G. Following the foreclosure sale of the Stark Street Property, if the foreclosure sale proceeds are insufficient to satisfy the indebtedness described in paragraphs 4A and 4B above, execution may issue to enforce any remaining deficiency against defendant Spur Investments.

H. By virtue of two Commercial Security Agreements dated April 14, 2008 (the "First and Second Spur Investments Security Agreements"), plaintiff has a valid and perfected security interest in all of the following personal property of Spur Investments:

> All fixtures and other articles of personal property owned by Spur Investments attached or affixed to the Stark Street Property, together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any such property (along with profits, proceeds, and insurance proceeds and premium refunds)

(the "Spur Investments Fixtures"). Plaintiff is the owner and holder of the First and Second Spur Investments Security Agreements.

I. Plaintiff's interest in the Spur Investments Fixtures is superior to any claims, rights, liens, titles, or other interests of all defendants.

J. The claims, rights, liens, titles, and other interests of all defendants in the Spur Investments Fixtures are foreclosed and plaintiff may sell the Spur Investments Fixtures in a commercially reasonable manner. Any party to this action may become a purchaser at any sale of the Spur Investments Fixtures. The purchaser shall be entitled to exclusive possession of the Spur Investments Fixtures from the date of sale, and shall be entitled to such remedies as are available to secure such possession,



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

including a writ of assistance. The proceeds of sale of the Spur Investments Fixtures shall be applied first toward the costs of sale, then toward satisfaction of the indebtedness described in paragraphs 4A and 4B above, with any remainder paid into court pending further court order.

5. On plaintiff's fifth claim for relief for breach of a promissory note dated February 17, 2008 (the "Gerald Dindia Note"), a money award against defendant Gerald Dindia in the principal amount of $24,744.92, together with accrued interest as of January 4, 2011 in the amount of $1,149.00, for a total of $25,893.92, with interest continuing to accrue on that total amount at the note rate of 8.25 percent per annum from January 5, 2011 until paid.

6. On plaintiff's sixth claim for relief for breach of guaranties of the Dindia Investments debts, a money award against defendants Mark Dindia, Matthew Dindia, and Gerald Dindia, jointly and severally, in the principal amount of $744,055.47, together with accrued interest as of January 4, 2011 in the amount of $194,683.19, plus other charges of $6,712.75 as of January 4, 2011, less credit of $426,816.00, for a total of $518,635.41, with interest continuing to accrue on that total amount at the note rate of 18 percent per annum from January 5, 2011 until paid.

7. On plaintiff's seventh claim for relief for breach of the guaranties of the Spur Investments debts, a money award against defendants Mark Dindia, Matthew Dindia, Gerald Dindia, and Donald Dindia (the "Spur Guarantors"), jointly and severally, in the principal amount of $657,220.85, together with accrued interest as of January 4, 2011 in the amount of $27,194.83, plus other charges of $22,453.20 as of January 4, 2011, for a total of $706,868.88, with interest continuing to accrue on that total amount at the note rate of 11.76 percent per annum from January 5, 2011 until paid; provided, however, that all rents paid to plaintiff from the Stark Street Property from the entry of judgment herein until the completion of the foreclosure sale of such property shall be



GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

applied to the Spur Investments debts and shall reduce the amount still owed by the Spur Guarantors, if any; and provided further, that when plaintiff completes the foreclosure sale of the Stark Street Property, the amount still owed by the Spur Guarantors, if any, shall be further reduced by the amount applied to the Spur Investments debts as a result of such sale. Plaintiff shall file an appropriate full or partial satisfaction of judgment within a reasonable time after completion of the foreclosure sale.

8. Plaintiff was awarded its costs, disbursements, and reasonable attorneys' fees on its first claim for relief in a stipulated judgment entered herein on February 15, 2011.

9. On plaintiff's second through seventh claims for relief, plaintiff is awarded its costs, disbursements, and reasonable attorneys' fees, to be determined pursuant to Fed. R. Civ. P. 54, together with appropriate interest as awarded in any supplemental judgment.

10. All defenses and all counterclaims of all defendants are dismissed with prejudice.

DATED: March 8, 2011.

[signature]
United States District Court Judge

SUBMITTED BY:

By: /s/ Sanford R. Landress
Sanford R. Landress, OSB #81438
Charles R. Markley, OSB #75240
Telephone: (503) 295-2668
Attorneys for Plaintiff

\6822\003\P Judgment.wpd

Order No.: 18121

Exhibit "A"

LEGAL DESCRIPTION

PARCEL I:

Part of the Northwest one-quarter of Section 33, Township 2 South, Range 5 East, of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

BEGINNING at the intersection of the East right of way line of County Road No. 1136, with the South right of way line of County Road No. 582; thence South along the East line of County Road No. 1186, a distance of 435.6 feet to the Southwest corner of that tract conveyed to Carl Delbert Speck, et ux, by Recorder's Fee No. 75-32892, Clackamas County Records, and the true point of beginning; thence continuing South along the East line of said County Road, 160.00 feet to the Northwest corner of that tract conveyed to Dale H. Kendall, et ux, by Recorder's Fee No. 79-5484, Clackamas County Records; thence East along the North line of said Kendall tract and Easterly extension thereof, 545.00 feet; thence North parallel with the East line of said County Road, 160.00 feet; thence West parallel with the North line of the Kendall Tract, and its Easterly extension, 545.00 feet to the true point of beginning.

PARCEL II:

Part of the Northwest quarter of Section 33, Township 2 South, Range 5 East of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

Starting at a point on the East right-of-way line of County Road No. 1186, 415.60 feet South of the intersection of the East right-of-way line of County Road No. 1186 and the South right-of-way line of County Road No. 582; thence East a distance of 200 feet parallel with the South right-of-way line of County Road No. 582 to a point; thence South a distance of 20 feet parallel to the East right-of-way line of County Road No. 1186 to a point; thence West a disance of 200 feet parallel to the South right-of-way line of County Road No. 582 to a point; thence North a distance of 20 feet along the East right-of-way line of County Road No. 1186 to the point of beginning.

PARCEL III:

A tract of land in Section 33, Township 2 South, Range 5 East of the Willamette Meridian, in the County of Clackamas and State of Oregon, described as follows:

Beginning at the Southeast corner of that certain tract of land described in Deed to Mark G. Dindia recorded March 31, 1992 as Fee No. 92 18587; thence Easterly along the North line of that certain tract of land described in Deed to James O. Coffield, et ux, recorded July 27, 1983 as Fee No. 83 23552, 35 feet to a point; thence Northerly and parallel to the East line of the said Dindia Tract, 20 feet to a point; thence Westerly and parallel to the North line of the said Coffield Tract, 35 feet to the Northeast corner of the said Dindia Tract; thence Southerly along the East line of the said Dindia Tract 20 feet to the point of beginning.

The Real Property or its address is commonly known as 22700 SE 442nd Avenue, Sandy, OR 97055. The Real Property tax identification number is 00702314.

EXHIBIT 1
PAGE 1 OF 1

Parcel 1, Partition Plat 1995-144, Clackamas County, Oregon

The Real Property or its address is commonly known as 20255 SE Highway 212, Boring, OR 97009. The Real Property tax identification number is 00606721

EXHIBIT 2
PAGE 1 OF 1

Address: 8315 SE Stark, Portland, Oregon 97216

Legal Description: Lots 1, 2 and 3, Block 2, TERRACE PARK, recorded in Plat Book 400, Page 33, in the City of Portland, County of Multnomah and State of Oregon.

Parcel ID/Sidwell Number: R284557

EXHIBIT 3

PAGE 1 OF 1